1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC SHAWN KEMP,

11            Plaintiff,            No. CIV S-06-2558 LKK GGH P

12       vs.

13   JEANNE WOODFORD, et al.,        FINDINGS AND RECOMMENDATIONS

14            Defendants.            AND ORDER

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is defendants' April 2, 2007, motion to dismiss filed

18   for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  For the following reasons, the

19   court recommends that some of plaintiff's claims be dismissed, and that other claims are

20   dismissed with leave to amend.

21   LEGAL STANDARD FOR MOTION TO DISMISS

22            In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6),

23   a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

24   it must contain factual allegations sufficient to "raise a right to relief above the speculative

25   level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007).  "The pleading

26   must contain something more...than...a statement of facts that merely creates a suspicion [of] a

1

1  legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and

2  Procedure § 1216, pp. 235-236 (3d ed. 2004).

3          In considering a motion to dismiss, the court must accept as true the allegations of

4  the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.

5  Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

6  motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421,

7  89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume

8  that general allegations embrace those specific facts that are necessary to support the claim.'"

9  NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555,

10  561, 112 S. Ct. 2130, 2137 (1992).  Moreover, pro se pleadings are held to a less stringent

11  standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596

12  (1972).

13          The court may consider facts established by exhibits attached to the complaint.

14  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

15  consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

16  1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

17  papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

18  1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

19  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

20          A pro se litigant is entitled to notice of the deficiencies in the complaint and an

21  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

22  Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

23  DISCUSSION

24          At the outset, the court observes that defendants have attached five exhibits to the

25  motion to dismiss: plaintiff's request for an interview form (exhibit A), a memorandum from

26  defendant Kernan to plaintiff (exhibit B), a 602/administrative appeal form prepared by plaintiff

2

1  and the responses by prison officials (exhibit C), a memorandum sent to plaintiff from the

2  Litigation Coordinator (exhibit D), and a copy of the name change regulations, Title 15, § 3294.5

3  (exhibit E).

4        Attached as an exhibit to plaintiff's opposition is a copy of what plaintiff claims is

5  an excerpt from a publication called "Names for Muslim Children."

6        In considering a 12(b)(6) motion, the court may take judicial notice, and properly

7  consider, matters of public record outside the pleadings.  MGIC Indemnity Corp. v. Weisman,

8  803 F.2d 500, 504 (9th Cir. 1986).  Defendants' Exhibits A-D are maintained in plaintiff's

9  central file.  See Harte declaration attached to motion to dismiss.  Documents maintained in

10  plaintiff's central file are not matters of public record.  Accordingly, the court may not take

11  judicial notice of these documents.  The publication "Names for Muslim Children" is also not a

12  matter of public record.  The court may not take judicial notice of this document as well.

13        When a court considers extraneous matters in deciding a Rule 12(b)(6) motion,

14  the motion is converted into one for summary judgment.  See Fed. R. Civ. P. 12(b)(6).  Because

15  the court does not wish to convert the motion to dismiss into a summary judgment motion, it will

16  not consider defendants' exhibits A-D nor plaintiff's "Names for Muslim Children" publication.

17  See Swedberg v. Marotzke, 339 F.3d 1139, 1146 (9th Cir. 2003).

18        This action is proceeding on the original complaint filed November 15, 2006.

19  Plaintiff alleges that he is a practicing Muslim.  Plaintiff alleges that in 2005 defendants Kernan

20  and Woodford denied his requests to legally change his name for religious reasons.  Plaintiff

21  alleges that defendant Kernan told him that he could use his religious name in conjunction with

22  his commitment name for purposes of mail only.  By legally changing his name, plaintiff

23  apparently seeks to go by his religious name only.  Plaintiff seeks injunctive and monetary relief.

24        Plaintiff's complaint does not specifically allege the legal grounds on which his

25  claims are brought.  Because his action was filed on a complaint form for a civil rights action

26  pursuant to 42 U.S.C. § 1983, the court construes plaintiff to be alleging a violation of his First

Amendment rights.  Defendants have also construed plaintiff to be raising a First Amendment

claim.

　　　　　　　　To put plaintiff's claims in context, the court will set forth the regulations setting

forth the procedures by which inmates may obtain legal name changes.  Cal. Code Regs. tit. 15, §

3294.5 which provides, in relevant part,

> (a) All inmate or parolee requests for a legal name change shall initially be reviewed by the Warden or Regional Parole Administrator who shall either recommend approval for a legal name change or deny the request for a legal name change.

> (b) If the request is denied, the Warden or Regional Parole Administrator shall respond to the inmate or parolee in writing with the reasons for denial.  A copy of the denial shall be placed in the miscellaneous section of the inmate/parolee's central file.

> (c) If the Warden finds reasons that exist to warrant an inmate's request for a name change, then the Warden shall forward the request to the Institutions Division Regional Administrator, along with a memorandum listing the reasons for recommending approval.  A copy of the memorandum shall be placed in the miscellaneous section of the inmate's central file.

> *****

> (e) If the Institutions Division Regional Administrator or the Assistant Deputy Director, P & CSD, agrees with the recommendation to approve the request for a name change of an inmate or parolee, a letter shall be forwarded to the court explaining why the Department is recommending approval for a name change, along with the inmate/parolee's request.  A copy of the letter shall be placed in the miscellaneous section of the inmate/parolee's central file.

> (f) If the Institutions Division Regional Administrator or the Assistant Deputy Director, P & CSD, denies the request for a name change of an inmate or parolee, a letter shall be forwarded to the inmate or parolee with the reasons for denial.  A copy of the letter shall be placed in the miscellaneous section of the inmate/parolee's central filed.

> (g) Upon receiving final approval from the court with the ordered name change and receiving departmental approval, the Correctional Case Records Manager shall notify the facility mailroom and visiting room of the name change if the offender is incarcerated; or shall notify the agent of record if the offender is on parole.  The court order shall be placed in the miscellaneous section of the inmate/parolee's central file, along with other documents related to the request for a name change.

> (h) The mailroom and visiting room staff of the facility shall update their records to reflect the additional name of the inmate.

(i) The original commitment name of the inmate or parolee shall remain on all departmental records and shall continue to be used on all departmental records.

*****

(l) If the court ordered name change is received without departmental approval, this clearly indicates that the inmate/parolee has not followed proper procedure to legally change his/her name.  In this case, the Warden or Regional Parole Administrator shall notify the issuing court in writing that the name change cannot legally be changed without the Director's approval pursuant to the Code of Civil Procedure, Section 1279.5.  A copy of the letter shall be placed in the miscellaneous section of the inmate/parolee's central and a copy shall be provided to the inmate/parolee.

Cal. Code Civ. Pro. § 1279.5(b) provides that no person imprisoned in the state prison and under the jurisdiction of the Director of Corrections shall be allowed to file an application for change of name pursuant to Section 1276 except as permitted at the discretion of the Director of Corrections.

The First Amendment to the United States Constitution provides, inter alia, that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof.  U.S. Const. amend. I.  The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to the free exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S. Ct. 2400 (1987).

Defendants argue that they are entitled to qualified immunity.  Claims for injunctive relief are unaffected by qualified immunity.  Los Angeles Police Protective League v. Gates, 995 F.2d 1469, 1472 (9th Cir. 1993).  Accordingly, defendants' qualified immunity argument only goes to plaintiff's claim for damages.

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established constitutional or statutory rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1987).  In analyzing whether a particular official is entitled to qualified immunity, the court addresses two questions.  First, the court considers whether the facts alleged show that the officer's conduct violated a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct.

1    2151, 2155 (2001).  Second, and only if a constitutional right was violated, the court considers

2    whether the right was clearly established such that a reasonable officer would believe that the

3    alleged conduct was unlawful.  Id. at 202, 121 S. Ct. at 2156.  "The contours of the right must be

4    sufficiently clear that a reasonable officer would understand that what he is doing violates that

5    right."  Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987).

6            Defendants argue that even if the court finds that plaintiff has alleged facts

7    establishing a First Amendment violation, defendants are entitled to qualified immunity because

8    it was not clearly established at the time that thwarting an inmate's ability to legally change his

9    name was unconstitutional.  Defendants argue that courts that have considered the issue have

10   concluded that the adoption or use of a Muslim name in conjunction with the commitment name

11   is constitutional.  Defendants argue that no court has established that prison officials must allow

12   a prisoner to seek a legal name change in state court during the inmate's incarceration.

13           In support of their qualified immunity argument, defendants cite Malik v. Brown,

14   16 F.3d 330 9th Cir. 1994).  In Malik, the prisoner legally changed his name to a Muslim name.

15   16 F.3d at 331.  The prison told him that he could send and receive mail using his commitment

16   name only.  Id.  The Ninth Circuit concluded, "Malik's adoption of a Muslim name is an

17   expression of his religious faith.  He is entitled to use both his religious and his committed names

18   on correspondence, on legal documents and in his daily affairs."  16 F.3d at 335; see also Malik

19   v. Brown, 71 F.3d 724, 727 (9th Cir. 1995)(an inmate has a First Amendment interest in using

20   his religious name, at least in conjunction with his committed name).

21           The undersigned, and the district judge assigned to this case, the Honorable

22   Lawrence K. Karlton, recently had occasion to fully review the issue of prisoner name changes.

23   In Findings and Recommendations issued in February of this year, Ashanti v. CDC et al., 2007

24   WL 520958 (E.D. Cal. 2007) adopted in full on March 26, 2007 (Ashanti v. CDC et al , CIV-S-

25   03-0474 (LKK GGH), the court held in part that meeting a prisoner half way in his name change

26   pursuits, i.e., allowing some use of his requested name, was not a violation of the First

                                                    6

1   Amendment or RLUIPA.  This 2007 holding relied on the holdings of the <u>Malik</u> cases.  The

2   undersigned is not aware of any case which has found the <u>Malik</u> case not to be controlling

3   authority in the Ninth Circuit.

4           Pursuant to both <u>Malik</u> cases cited above, a reasonable prison official would have

5   believed that denying plaintiff's request to legally change his name *but* allowing him to use his

6   religious name in conjunction with his commitment name for mail purposes was lawful.

7   Accordingly, the court finds that defendants are entitled to qualified immunity as to this claim.

8           Plaintiff's complaint also suggests that he must legally change his name in order

9   to use his religious name for other purposes.  However, plaintiff does not specifically allege any

10  other ways he would like to use his religious name.  Accordingly, plaintiff is granted leave to file

11  an amended complaint addressing the ways he wishes to use his religious name other than for

12  mail purposes.

13          As indicated above, plaintiff's claim for an injunction ordering defendants to

14  allow him to legally change his name survives a finding that defendants are entitled to qualified

15  immunity.  As to this claim, defendants argue that plaintiff has not stated a colorable First

16  Amendment claim.

17          To establish a violation of the free exercise clause, plaintiff must demonstrate a

18  "substantial burden on the observation of a central religious belief or practice...," <u>Hernandez v.</u>

19  <u>Commissioner of Internal Revenue</u>, 490 U.S. 680, 699, 109 S. Ct. 2136 (1989).  Any challenge

20  under the free exercise clause also requires plaintiff to demonstrate that the interference with his

21  religious practice impacts a central religious belief or practice, one that is "mandated by his

22  faith." <u>Freeman v. Arpaio</u>, 125 F.3d 732, 736 (9th Cir. 1997).  While the court does not interpret

23  "mandated by faith" as requiring a written command etched into a tablet or book, it does require

24  evidence that the religion considers the desired practice to be central to its theology.  It must be

25  more than a recommended practice else the term "mandated by faith" loses all meaning.

26  \\\\\

1    Defendants first argue that plaintiff's complaint does not allege that legally

2    changing his name is mandated by his religion.  Defendants also argue that plaintiff has not

3    demonstrated that the denial of the request to legally change his name substantially burdened the

4    observation of a central belief or practice of his religion.

5    The court agrees that plaintiff's complaint contains no allegations demonstrating

6    that legally changing his name is mandated by his religion or that defendants' refusal to grant his

7    request substantially burdened the observation of a central belief or practice of his religion.

8    Accordingly, defendants' motion to dismiss on this ground is granted with leave to amend.  If

9    plaintiff files an amended complaint, he must address these matters.

10    In conclusion, plaintiff is granted leave to file an amended complaint as to his

11    claim for injunctive relief seeking a court directing defendants to allow him to legally change his

12    name.  In the amended complaint, plaintiff must address how legally challenging his name is

13    mandated by his religion and how defendants' refusal to grant this request substantially burdens

14    the observation of a central belief or practice of his religion.  Plaintiff is also granted leave to file

15    an amended complaint as to his claim for damages regarding use of his legally changed name for

16    purposes other than mail.

17    Were plaintiff to demonstrate that legally changing his name is mandated by his

18    religion and that defendants' failure to allow him to use his religious name only substantially

19    burdened a central belief of his religion, defendants would have to demonstrate that refusing to

20    grant plaintiff's request was "'reasonably related to legitimate penological interests.'"  <u>Malik</u>, 71

21    F.3d at 728, quoting <u>Turner v. Safley</u>, 482 U.S. 78, 89, 107 S. Ct. 2254, 2261 (1987).

22    Accordingly, IT IS HEREBY ORDERED that defendants' April 2, 2007, motion

23    to dismiss is granted with leave to amend as to plaintiff's claim for damages regarding use of his

24    religious name for purposes other than mail and as to plaintiff's request for injunctive relief as to

25    use of his religious name for purposes of mail; plaintiff is granted thirty days to file an amended

26    complaint; failure to file an amended complaint within that time will result in a recommendation

1  of dismissal of this action;

2          IT IS HEREBY RECOMMENDED that (individual capacity) defendants' motion

3  to dismiss be granted as to plaintiff's claim for damages alleging violation of his First

4  Amendment rights by defendants' refusal to allow him to legally change his name in conjunction

5  with use of his religious name for mail purposes.

6          These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

8  days after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11  shall be served and filed within ten days after service of the objections.  The parties are advised

12  that failure to file objections within the specified time may waive the right to appeal the District

13  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14  DATED:  11/5/07

15                                      /s/ Gregory G. Hollows

16                                      _____
                                        UNITED STATES MAGISTRATE JUDGE

17  kemp.mtd

18

19

20

21

22

23

24

25

26