IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC SHAWN KEMP,

      Plaintiff,                    No. CIV S-06-2558 LKK GGH P

  vs.

JEANNE WOODFORD, et al.,

      Defendants.               FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion for summary judgment filed April 20, 2009.  On June 12, 2009, the court recommended that defendants' motion be granted after plaintiff failed to file an opposition.  On June 24, 2009, plaintiff filed objections claiming he did not receive defendants' motion.

      Although it appeared that the motion was properly served, on July 20, 2009, court vacated the findings and recommendations, ordered defendants to re-serve the motion and granted plaintiff thirty days to file an opposition.  On July 20, 2009, defendants filed proof of re-service.  Thirty days passed and plaintiff failed to file an opposition.

/////

/////

1

1        In the order directing service filed January 30, 2007, the court stated that "[i]f plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of defendants' motion, the court may consider the failure to act as a waiver of opposition to defendant's motion." See Local Rule 78-230 (m).  Defendants' notice of motion also directed plaintiff to Local Rule 78-230 for information regarding summary judgment.

         A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule.  Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003); Brydges v. Lewis, 18  F.3d 651, 652 (9th Cir. March 9, 1994), citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993). However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion.  Id.

         In the instant case, plaintiff has been warned that his failure to oppose a motion for summary judgment may be deemed a waiver of opposition to the motion.  Based on plaintiff's failure to file an opposition, the court concludes that plaintiff has consented to defendants' motion for summary judgment.  In the alternative, the court finds that defendants' motion has merit.

         Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (no. 28) be granted.

         These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

1  Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2  DATED: November 3, 2009

4                                          /s/ Gregory G. Hollows

5                                          UNITED STATES MAGISTRATE JUDGE

7  ke2558.sj